IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY EVANS,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **JAMES T. WYDNER,** | : | |
| Defendant. | : | No. 06-1996 |

## MEMORANDUM AND ORDER

PRATTER, DISTRICT JUDGE                                                                              MARCH 1, 2007

*Pro se* petitioner Leroy Evans seeks relief pursuant to Federal Rule of Civil Procedure 60(b) from a judgment of sentence imposed by the Philadelphia Court of Common Pleas following Mr. Evans's conviction by a jury. After exhausting his various state remedies, Mr. Evans filed a petition for a writ of habeas corpus, which the District Court denied. On appeal, the Court of Appeals for the Third Circuit affirmed the District Court. Mr. Evans then requested permission from the Court of Appeals to file a second petition for a writ of habeas corpus, which the Court of Appeals denied. Because Mr. Evans's present Motion to Vacate Judgment of Sentence Pursuant to Rule 60(b) is an unauthorized attempt to pursue a successive habeas petition, it is prohibited under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and will be denied. Mr. Evans's Motion for Appointment of Counsel is likewise denied.

**BACKGROUND**

A Philadelphia Court of Common Pleas jury convicted Mr. Evans of first-degree murder, robbery, criminal conspiracy, burglary, tampering with evidence and hindering apprehension on October 21, 1981. He was sentenced to life in prison, plus nine to 10 years. Following various attempts by Mr. Evans to obtain post-conviction collateral relief, the Pennsylvania Superior

Court ultimately affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Mr. Evans's request for Allowance of Appeal.

Mr. Evans next filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his conviction and sentence. He raised the following issues: (1) whether the prosecutor improperly injected race into Mr. Evans's criminal trial; (2) whether the Pennsylvania Supreme Court denied him due process when it denied his petition for Allowance of Appeal; and (3) whether his appellate counsel was ineffective in drafting the petition for Allowance of Appeal because counsel abandoned four of Mr. Evans's five appellate issues. On May 13, 2002, the District Court dismissed Mr. Evans's habeas petition on the merits but granted a certificate of appealability pursuant to 28 U.S.C. § 2253 as to the first and second issues.

On appeal in the Third Circuit Court of Appeals, Mr. Evans raised only the issue of whether the prosecutor's characterization of the defense witness as "venomous" and a "rattle snake," as well as the prosecutor's attribution of possible racial bias to the witness, invited racial bias on the part of the jury and thereby denied Mr. Evans his due process right to a fair trial. The Court of Appeals affirmed the District Court's dismissal of Mr. Evans's habeas petition, holding that the prosecutor's references to race were isolated and not unduly prejudicial. Evans v. Lavan, 77 F. App'x 570, 574 (3d Cir. Sept. 17, 2003). Mr. Evans then filed a petition in the Court of Appeals requesting permission to file a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which that court denied by Order of July 1, 2004. In re Evans v. , et al., No. 04-2598 (3d Cir. July 1, 2004). Almost two years later, Mr. Evans filed the present Motion challenging his judgment of sentence pursuant to Rule 60(b)(1) and 60(b)(6).

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances. Rule 60(b)(1) and (6), pursuant to which Mr. Evans brings this Motion, permit relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1),(6).[1] In evaluating a Rule 60(b) motion, the Court must determine whether and to what extent AEDPA's limits on successive habeas petitions apply.

AEDPA does not expressly circumscribe the operation of Rule 60(b). Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). Rather, because Rule 60(b) applies to habeas proceedings only "to the extent that the practice in such proceedings is not set forth in statutes of the United States" or in "the Rules Governing Section 2254 Cases," Fed. R. Civ. P. 81(a)(2), federal statutes and rules governing habeas proceedings limit the application of Rule 60(b). In particular, AEDPA's limitations on the filing of successive habeas petitions apply with equal force to Rule 60(b) motions where those motions are in effect "habeas corpus applications" as the statute uses that term. Gonzales, 545 U.S. at 531.

As amended by AEDPA, the relevant provisions of the habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three limitations on second or successive habeas petitions. First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on

---

[1] Rule 60(b) also provides that "[t]he Motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3); see also Gonzalez, 545 U.S. at 529-30. A "claim," as used in section 2244(b), is "an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530.

      The Supreme Court has set forth the circumstances by which a Rule 60(b) motion may be treated as a habeas petition. One such circumstance, which is pertinent here, arises where the motion "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532. Such a use of Rule 60(b) would "impermissibly circumvent" AEDPA's limits on successive habeas petitions. Id. at 531 (citing § 2244(b)(2),(3)). As the Court noted in Gonzalez, however, that is not the case "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532. The term "on the merits" refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4. Thus, when a Rule 60(b) movant asserts that a previous ruling regarding one of those grounds was in error, he is making a habeas corpus claim. Id.

      In Gonzalez, the petitioner's Rule 60(b) motion alleged that the federal courts misapplied the federal statute of limitations set out in § 2244(d). As such, "neither the motion nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting

aside the movant's state conviction" and, therefore, "allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." Id. at 533. As a result, the Court held that the petitioner's Rule 60(b) motion was not subject to the limitations applicable to habeas petitions because it did not seek to "revisit the federal court's denial *on the merits* of a claim for relief" and thus should not be considered a successive habeas petition. Id. at 534 (emphasis in original).

Mr. Evans bases his motion here on remarks made during the prosecutor's closing argument at trial.[2] During her closing argument, the prosecutor referred to a defense witness, who was African-American, as "venomous" and as "a rattlesnake," and attributed the witness's hostility to possible racial prejudice against the white prosecutor. The prosecutor also suggested that the witness did not like white people or the police.[3] Mr. Evans contends that these remarks

---

[2] Although Mr. Evans is African-American and the jury consisted exclusively of white jurors, Mr. Evans does not challenge the racial composition of the jury, its selection or impanelment.

[3] The prosecutor stated the following with respect to the witness, Lorraine Evans:

> And then they presented the testimony of Lorraine Evans – Lorraine Evans, the woman whose demeanor you saw on the witness stand, a woman who was venomous on the witness stand and who was hostile not only to the people that were questioning her but you could see it and you could tell it in the content of her answers. Ladies and Gentlemen, was she so venomous because of what I stood for? Was she so venomous because I was white? Was she so venomous because she didn't like cops?
> When Anthony Jones said Lorraine Evans saw him and Leroy Evans going out that back door does it make sense for him to name a woman like that who is so hostile to him? Wouldn't it, if Anthony Jones were going to fabricate something, wouldn't he pick one of the corner kids from the neighborhood or one of the women that lived in the project close to his family to say she saw the two of us coming out of the house and waived to us? But he didn't. He picked that rattle

deprived him of his due process right to a fair trial because (1) such characterizations of a black person are inherently prejudicial, and (2) because the prosecutor's remarks, by "inviting the all white [sic] jury to attribute racial bias to the witness where there was none," unnecessarily injected racial bias into the case and "invited a racial [sic] biased reaction into the prosecution of the petitioner without foundation." (Pl. Mem. 3.)

Although Mr. Evans couches these arguments in terms of Rule 60(b)(1) and (6), his central claim is that the District Court's dismissal of his habeas petition was "contrary to or involved an unreasonable application of clearly established Federal law" such that relief from the judgment of sentence is justified.[4]  This claim is indistinct from the argument Mr. Evans pursued on appeal in the Court of Appeals and does not raise any new grounds for relief.  Thus, Mr. Evans's Rule 60(b) Motion merely seeks another review of the District Court's determination that no grounds exist entitling Mr. Evans to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d), i.e., the District Court's resolution of his claim *on the merits*.  This falls squarely within the

---

snake, Lorraine Evans.

Evans, 77 F. App'x at 572 (quoting Appendix II at 38a).

[4] Because Mr. Evans does not raise any arguments in his Rule 60(b) Motion not raised in his previous habeas petition, it is unclear how Rule 60(b)(1), which permits relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," comes into play.  Cf. Harris v. United States, 367 F.3d 74, 80-81 (2d Cir. 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim).  In any event, however, Rule 60(b) motions brought pursuant to Rule 60(b)(1) must be filed within one year of the date of the judgment, order, or proceeding.  Fed. R. Civ. P. 60(b).  Here, Mr. Evans filed his Rule 60(b) Motion on May 11, 2006, almost two years after the Court of Appeals denied on July 1, 2004 Mr. Evans's request for permission to file a successive habeas petition, and over three years after the Court of Appeals affirmed on September 17, 2003 the District Court's dismissal of Mr. Evans's habeas petition.  Thus, Mr. Evans's claims brought pursuant to Rule 60(b)(1), if any, are time-barred.

category of Rule 60(b) motions to which AEDPA's limitations on successive habeas petitions apply.  See Gonzalez, 545 U.S. at 532 ("A motion can also be said to bring a "claim" [for purposes of AEDPA] if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.") (emphasis in original); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.").

      Notwithstanding his contentions to the contrary, Mr. Evans has not alleged any procedural violation in his prior federal habeas proceedings; thus, his Motion cannot be read as challenging the *integrity* of those proceedings.  Mr. Evans contends that his Rule 60(b) Motion should not be viewed as a successive habeas petition because granting the motion "would not necessarily affect the state court judgments" and because he "only seeks review of the manner of the district court's method and Rule of law applied in the evaluation of the . . . constitutional violation."  (Pl. Mem. 12.)  Citing Pridgen, Mr. Evans further states that his Rule 60(b) Motion attacks "the manner in which the earlier habeas corpus judgment was procured," not his underlying conviction.  Beyond these conclusory, carefully, albeit, artificially crafted, statements, however, Mr. Evans points only to the impropriety of the prosecutor's remarks.  Thus, the only alleged error in the earlier habeas proceedings is the District Court's holding that the prosecutor's statements were not unduly prejudicial.  It is inescapable that this goes to the merits of the decision, not the manner in which it was reached.

      Therefore, this Court must refrain from consideration of the level of professionalism

reflected by the prosecutor's hyperbolic closing remarks because Mr. Evans's Rule 60(b) Motion must be treated as a successive habeas petition subject to AEDPA's limitations. Here, as discussed above, the prosecutorial misconduct claim raised in Mr. Evans's Motion has already been adjudicated in a previous petition. Therefore, pursuant to § 2244(b)(1), this Motion must be dismissed.[5]  See 28 U.S.C. § 2244(b)(1); Gonzalez, 545 U.S. at 530.

**CONCLUSION**

AEDPA's limitations on successive habeas petitions apply here because Mr. Evans's Rule 60(b) petition attacks the merits of his prior habeas proceedings. Because Mr. Evans raises the same challenge to his underlying conviction as he raised in his previous habeas petition, and because the Court of Appeals has already denied Mr. Evans's request to file a second habeas petition, the Rule 60(b) Motion will be dismissed with prejudice. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[5] Once the Court determines that a Rule 60(b) motion is actually a successive habeas petition, the Court may, pursuant to 28 U.S.C. § 1631, transfer the matter to the Court of Appeals for a determination as to whether the Court may adjudicate the second habeas petition on the merits. Wells v. Wydner, No. 05-6781, 2006 U.S. Dist. LEXIS 39033, at *14 (E.D. Pa. June 12, 2006); Thompson v. Wydner, No. 04-217, 2005 U.S. Dist. LEXIS 26236, at *16 (E.D. Pa. Nov. 5, 2005). Here, however, the Court of Appeals for the Third Circuit has already denied Mr. Evans's request to file a successive habeas petition. See In re Evans v. , et al., No. 04-2598 (3d Cir. July 1, 2004) (Order denying application to file a second or successive habeas petition because applicant "relies on neither newly discovered evidence nor a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court"). Therefore, this Court will not invoke 28 U.S.C. § 1631.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY EVANS,** | : | CIVIL ACTION |
|     **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **JAMES T. WYDNER,** | : | |
|     **Defendant.** | : | NO. 06-1996 |

## ORDER

AND NOW, this 1st day of March, 2007, upon consideration of the Plaintiff's Rule 60(b) Motion to Vacate Judgment of Sentence (Docket No. 2) and the Defendants' Response in opposition thereto (Docket No. 10), it is hereby ORDERED that the Motion is DENIED.

It is further ORDERED that Mr. Evans's Motion for Appointment of Counsel, which was never properly filed with the Clerk of the Court or docketed, is also DENIED.

The Clerk of the Court is instructed to close this case for all purposes.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

9